AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

|  |  |  |
|---|---|---|
| DURAND HENRY SABERI | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | Civil Action No.   3-46/ |
| v. | ) | ex/7498 |
| SEBASTIÁN LONDOÑO CORREA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SEBASTIÁN LONDOÑO CORREA
C.C. 1.152.200.654
MEDELLÍN, COLOMBIA
s.londono1092@gmail.com

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   DURAND HENRY SABERI
c/o Borah Goldstein Altschuler Nahins & Goidel P.C.
377 Broadway
New York, New York 10013
Attention: Parker S. Rothman, Esq.
prothman@borahgoldstein.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:      07/12/2024                                         

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DURAND HENRY SABERI,

                              Plaintiff,

        -against-

SEBASTIÁN LONDOÑO CORREA,

                              Defendant.

Civil Action No. 1:24-cv-5276

**COMPLAINT**

[DEMAND FOR JURY TRIAL]

Plaintiff Durand Henry Saberi ("Plaintiff"), by and through his attorneys, Borah Goldstein Altschuler Nahins & Goidel P.C., for and by his Complaint against Defendant Sebastián Londoño Correa ("Defendant"), alleges on knowledge as to his own acts and otherwise on information and belief, as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, who is a disabled United States Marine Corps combat veteran of the Operating Enduring Freedom (OEF)/Operation Iraqi Freedom (OIF) wars and receives service-connected disability benefits, has been a United States citizen domiciled in Miami, Florida, at all relevant times. Plaintiff currently resides in Miami, Florida, while attending Florida International University under the Post-9/11 GI Bill (Chapter 33).

2.    Upon information and belief, Defendant is a Colombian citizen domiciled and believed to reside in Medellín, Colombia.

3.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) (diversity) because Plaintiff is a citizen of Florida, a state within the United States,

Defendant is a citizen of Colombia, a foreign state, and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

4.    Venue is proper in this judicial district because it is where a substantial part of the events and omissions giving rise to Plaintiff's claims against Defendant occurred. *See* 28 U.S.C. § 1391(b)(2).

5.    This Court may exercise personal jurisdiction over Defendant because he transacted business within the State and City of New York—specifically with Plaintiff and his New York City attorneys—and this action arises from said business.

6.    Plaintiff and Defendant (collectively, the "Parties") became bound by a settlement agreement, the terms of which are more fully set forth below (the "Settlement Agreement").

7.    Jurisdiction and venue in this Court is also proper under the binding and conclusive Settlement Agreement because it expressly reserves that the United States District Court for the Southern District of New York ("SDNY") maintains exclusive jurisdiction to review this matter, inclusive of Plaintiff's Fraud Claim and Unjust Enrichment Claim (defined below), and otherwise enforce the terms of said Settlement Agreement.

8.    The Settlement Agreement contains explicit terms and conditions contemplating Defendant's performance thereunder in New York and requiring the Parties to adjudicate any dispute arising from the Settlement Agreement at the SDNY.

**<u>ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION</u>**

9.    On or about September 15, 2023, Plaintiff and Defendant became bound by the Settlement Agreement's conclusive terms and conditions.

10.    The purpose of the Settlement Agreement was to resolve Plaintiff and Defendant's ongoing dispute concerning their joint business venture whereby Defendant purported to have a

100 percent (100%) ownership interest in the real property known as and located at Calle 24 No.39-91 (Edificio Cantizal Apartment Building), in Poblado, Medellin, Colombia, which comprises Apartment 1706 (Real Estate Registration Folio No. 001-888617), Parking lot No. 108 (Real Estate Registration Folio No. 001-888431), and Useful room No. 106 (Real Estate Registration Folio No. 001-888495) (collectively, the "Property").

11.   Before binding themselves to the Settlement Agreement, the Parties entered into a written Urban Housing Purchase and Sale Agreement executed on December 22, 2020 (the "PSA"), whereby Defendant made a material promise to convey to Plaintiff a fifty percent (50%) ownership interest in the Property in exchange for Plaintiff paying Defendant no less than $80,000.00 (the "Investment").

12.   As stated in the Settlement Agreement, Defendant fraudulently induced Plaintiff into paying significant sums of money to his detriment by virtue of (a) making knowingly false misrepresentations and omissions of material fact insofar as Defendant did not and do not have a valid ownership interest to the Property and provided Plaintiff with falsified documents and misleading financial information at the time the Parties negotiated and ultimately executed the PSA; (b) Defendant intended to deceive Plaintiff into remitting significant sums of money to his detriment because Defendant knew that he could not convey a fifty percent (50%) ownership interest in the Property to Plaintiff without Defendant having a valid ownership interest to the Property at the time when the Parties executed the PSA; (c) Plaintiff reasonably believed and justifiably relied upon Defendant's knowingly false misrepresentations and omissions of material fact concerning the Property and PSA, such that Plaintiff was fraudulently induced by Defendant's knowingly false misrepresentations and omissions of material fact in undertaking a course of conduct to his detriment, including remitting the Investment to Defendant; and (d) Plaintiff has

3

sustained and continues to incur actual, consequential, incidental, and special cognizable damages as a direct and sole result of Defendant's materially false statements and omissions (hereinafter, the "Fraud Claim").

13.   As stated in the Settlement Agreement, Defendant unjustly enriched himself with Plaintiff's funds by receiving and accepting Plaintiff's monies to Defendant's benefit and Plaintiff's detriment, such that Defendant knowingly mismanaged and misappropriated Plaintiff's Investment capital, which in good equity and conscience requires Defendant to recompense Plaintiff in full for the actual, consequential, incidental, and/or special cognizable damages that Plaintiff has sustained and continues to incur as a direct as a sole result of Defendant's unjust enrichment at all relevant times (hereinafter, the "Unjust Enrichment Claim"),

14.   Without prejudice to Plaintiff's rights and remedies regarding his Fraud Claim and Unjust Enrichment Claim against Defendant, both of which were explicitly reserved in the Settlement Agreement, the Parties agreed to enter into the Settlement Agreement allowing Defendant to pay an amount lower than the Investment itself for the purposes of settlement only.

15.   According to the Settlement Agreement, "[t]he Parties mutually acknowledge and agree that nothing in this [Settlement] Agreement, including, but not limited to, the Settlement Amount, Payment Schedule and/or any Monthly Settlement Payment, shall constitute or otherwise be deemed a waiver of any of [Plaintiff's] rights and remedies against [Defendant] available pursuant to the [PSA], United States and New York law and/or equity, including, without limitation, bringing a lawsuit against [Defendant] at the United States District Court for the Southern District of New York ("SDNY") arising from, *inter alia*, [Plaintiff's] Fraud Claim …. and/or Unjust Enrichment Claim preserved herein" (emphasis added).

16.   Paragraph 9 of the Settlement Agreement provides, in pertinent part, that "[i]t is specifically understood and agreed by and between the Parties that this [Settlement] Agreement is the result of extensive negotiations between the Parties and that a substantial and immutable portion of such Agreement negotiations by and between the Parties took place in the City and State of New York. It is further understood and agreed that both Parties shall be deemed to have drawn these documents in order to avoid any negative inference by any court as against the preparer of the document" (emphasis added).

17.   In consideration for Plaintiff entering into the Settlement Agreement providing for payment in an amount less than the Investment, Defendant irrevocably warranted and represented that he would, among other contractual requirements, pay the "the sum certain amount of forty-five thousand dollars ($45,000.00) reflecting the United States dollar ("USD") as is consistent with the official currency of the United States of America (the "Settlement Amount"), which shall be payable by [Defendant] to [Plaintiff] beginning on the Effective Date of this [Settlement] Agreement and delineated in USD and no other currency pursuant to the "Payment Scheduled" over the course of twenty-four (24) monthly installments (each a "Monthly Settlement Payment"), as follows:

1. September 15, 2023: $1,500.00 USD;
2. October 15, 2023: $1,500.00 USD;
3. November 15, 2023: $1,500.00 USD;
4. December 15, 2023: $1,500.00 USD;
5. January 15, 2024: $1,500.00 USD;
6. February 15, 2024: $1,500.00 USD;
7. March 15, 2024: $1,500.00 USD;
8. April 15, 2024: $1,500.00 USD;
9. May 15, 2024: $1,500.00 USD;
10. June 15, 2024: $1,500.00 USD;
11. July 15, 2024: $1,500.00 USD;
12. August 15, 2024: $1,500.00 USD;
13. September 15, 2024: $1,500.00 USD;

14. October 15, 2024: $1,500.00 USD;
15. November 15, 2024: $1,500.00 USD;
16. December 15, 2024: $1,500.00 USD;
17. January 15, 2025: $1,500.00 USD;
18. February 15, 2025: $1,500.00 USD;
19. March 15, 2025: $1,500.00 USD;
20. April 15, 2025: $1,500.00 USD;
21. May 15, 2025: $1,500.00 USD;
22. July 15, 2025: $1,500.00 USD;
23. August 15, 2025: $1,500.00 USD; and
24. September 15, 2025: $10,500.00 USD.

(emphasis added).

18.   The Settlement Agreement required Defendant to wire each Monthly Settlement Payment to Plaintiff for each successive month to the non-interest-bearing account (IOLA) maintained by Plaintiff's former attorneys, Belkin Burden Goldman, LLP ("BBG").

19.   In addition to Defendant's obligation to timely and promptly pay Plaintiff each Monthly Settlement Payment, within twenty-four (24) hours of Plaintiff satisfying each Monthly Settlement Payment in accordance with the Payment Schedule, the Settlement Agreement required Plaintiff to supply Defendant with written notice by electronic e-mail transmittal at living.off.xperience@gmail.com bearing the conspicuous subject line "Confirmation of Payment" (each, a "Notice of Payment"), to corroborate that Defendant timely remitted each and every Monthly Settlement Payment to Plaintiff in full.

20.   In addition to Defendant's obligation to timely and promptly pay Plaintiff each Monthly Settlement Payment in accordance with the Payment Schedule and to furnish Plaintiff with each Notice of Payment, within thirty-six (36) hours of remitting each Monthly Settlement Payment with Notice of Payment to Plaintiff, Defendant was required to supply Plaintiff with a separate written notice bearing the conspicuous subject line "Evidence of Payment" (each, a "Proof

of Payment"), reflecting Defendant as the "sender" and Plaintiff as the "recipient," to corroborate that Defendant timely remitted each and every Monthly Settlement Payment to Plaintiff in full.

21.   Pursuant to Paragraph 3(C) of the Settlement Agreement, Defendant acknowledged and agreed that each and every violation, default and/or breach committed by Defendant, inclusive of Defendant's obligation to timely and promptly satisfy each Monthly Settlement Payment, Notice of Payment, and Proof of Payment to Plaintiff, is deemed substantial and material, such that none of Defendant's violations, defaults and breaches under the Settlement Agreement is considered or deemed *de minimus*.

22.   Pursuant to Paragraph 13 of the Settlement Agreement, Defendant acknowledged and agreed that "any questions, contentions and/or disputes concerning the construction, validity, enforcement and interpretation of this [Settlement] Agreement and all documents related to this [Settlement] Agreement including the [PSA] shall be governed by and construed and enforced in accordance with the internal laws of the State of New York, without regard to the principles of conflicts of law thereof," such that Defendant "further acknowledge[d] and agree[d] that all legal actions or proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by this [Settlement] Agreement and any other transaction documents related to this [Settlement] Agreement shall be commenced exclusively at the SDNY" (emphasis added).

23.   Pursuant to Paragraph 14 of the Settlement Agreement, Plaintiff and Defendant "mutually and voluntarily submit[ted] irrevocably to the exclusive jurisdiction of the SDNY sitting in the City of New York, Borough of Manhattan, for the adjudication of any dispute under this [Settlement] Agreement or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of any of the documents concerning this [Settlement] Agreement, including, without limitation, the [PSA]," such that Defendant

"acknowledge[d] and agree[d] that [both Parties] mutually and voluntarily waived their right to assert in any action or proceeding any claim or defense (a) that [Plaintiff] or [Defendant] is not personally subject to the jurisdiction of the SDNY; and/or (b) that any lawsuit brought by either of the Parties against the other is improper or is an inconvenient venue" (emphasis added).

24.   Pursuant to Paragraph 5 of the Settlement Agreement, Defendant acknowledged and agreed that "TIME IS OF THE ESSENCE" with respect to his "OBLIGATION TO PUNCTUALLY REMIT TO [PLAINTIFF] EACH AND EVERY MONTHLY SETTLEMENT PAYMENT PURSUANT TO THE PAYMENT SCHEDULE SET FORTH IN THIS [SETTLEMENT] AGREEMENT WITH NOTICE OF PAYMENT AND PROOF OF PAYMENT" (emphasis added).

25.   The Settlement Agreement provides that in the event Defendant fails to timely remit any Monthly Settlement Payment installment pursuant to the Payment Schedule with its corresponding Notice of Payment and Proof of Payment, then Plaintiff becomes entitled to recover late fees from Defendant in the amount of $500.00 per day accruing from the date of any such violation or breach until the date of final satisfaction (the "Late Fees").

26.   Paragraph 6 of the Settlement Agreement provides, in salient part, that "[i]n the event that [Defendant] fails to timely remit any Monthly Settlement Payment with Notice of Payment and Proof of Payment as is required under the Payment Schedule set forth in this [Settlement] Agreement, any and all of which shall be deemed a material breach under this [Settlement[ Agreement and none considered *de minimis*, then" Plaintiff becomes entitled to "the entire sum of the Settlement Amount" (the "Accelerated Settlement Amount"), "plus nine percent interest (9%) thereon accruing from the date of any such violation or breach" accruing from the

8

date of any such violation or breach until the date of final satisfaction" (the "Interest Fees") (emphasis added).

27.   Pursuant to Paragraph 14 of the Settlement Agreement, Defendant acknowledged and agreed, in salient part, that if Plaintiff "commences any lawsuit by way of an action, proceeding or otherwise seeking to enforce any provisions of this [Settlement] Agreement, then, in addition to the obligations of the Parties hereunder, the prevailing party in such lawsuit shall be reimbursed by the non-prevailing party for its reasonable attorneys' fees and other costs and expenses incurred with the investigation, preparation and prosecution of such any such lawsuit arising from this [Settlement] Agreement resolved or determined by the SDNY" (the "Legal Fees") (emphasis added).

28.   In breaching, violating, and defaulting under the Settlement Agreement, Defendant failed to promptly and timely satisfy each Monthly Settlement Payment pursuant to the Payment Schedule that became due and payable to Plaintiff as of (a) September 15, 2023; (b) January 15, 2024; (c) February 15, 2024; and (d) April 15, 2024, such that each of those four missed Monthly Settlement Payments is deemed a substantial and material breach, violation, and default under the Settlement Agreement and none of the four missed Monthly Settlement Payments is considered or deemed *de minimus*.

29.   In breaching, violating, and defaulting under the Settlement Agreement, Defendant failed to furnish Plaintiff with each Notice of Payment corresponding with its Monthly Settlement Payment pursuant to the Payment Schedule that became due and owing to Plaintiff as of (a) September 15, 2023; (b) October 15, 2023, (c) November 15, 2023; (d) December 15, 2023; (e) January 15, 2023; (f) February 15, 2023; (g) March 15, 2023; (h) April 15, 2023; (i) May 15, 2023;

and (j) June 15, 2023, such that each of those ten missed Notice of Payments is deemed substantial and material and none of the ten missed Notice of Payments is considered or deemed *de minimus*.

30.   In breaching, violating, and defaulting under the Settlement Agreement, Defendant failed to furnish Plaintiff with each Proof of Payment corresponding with its Monthly Settlement Payment that became due and owing to Plaintiff as of (a) September 15, 2023; (b) October 15, 2023, (c) November 15, 2023; (d) December 15, 2023; (e) January 15, 2023; (f) February 15, 2023; (g) March 15, 2023; (h) April 15, 2023; (i) May 15, 2023; and (j) June 15, 2023, such that each of those ten missed Proof of Payments is deemed substantial and material and none of the ten missed Proof of Payments is considered or deemed *de minimus*.

31.   By written Notice of Default & Commencement of Lawsuit dated June 21, 2024 (the "Notice"), Plaintiff advised Defendant that he intended to commence a lawsuit against him at the SDNY seeking damages arising from the Fraud Claim and Unjust Enrichment Claim along with a separate breach of contract claim based on Defendant substantially and materially breaching and violating the Settlement Agreement by failing to timely and promptly remit each Monthly Settlement Payment with its corresponding Notice of Payment and Proof of Payment, making Defendant liable to Plaintiff for (a) the entire sum of the Settlement Amount; (b) the Late Fees; (c) the Interest Fees; and (d) the Legal Fees (hereinafter, the "Breach of Settlement Agreement Claim").

32.   Pursuant to Paragraph 7 of the Settlement Agreement, Defendant consented to service of process of all notices, pleadings, motion papers, and any other documents relating to any lawsuit commenced by Plaintiff arising from this Settlement Agreement commenced at the SDNY.

33.   On June 21, 2024, Plaintiff, through his attorneys, served the Notice on Defendant pursuant to Paragraph 7 of the Settlement Agreement providing, in salient part, that "[s]ervice of any legal documents or information on either of the Parties pursuant to this [Settlement] Agreement shall become effective ten (10) days after the completion of such service … [b]y electronic e-mail transmittal to [Defendant] at s.londono1092@gmail.com" (emphasis added).

34.   Although Defendant repeatedly promised to execute the Settlement Agreement contemporaneously with Plaintiff in exchange for Plaintiff Sabari agreeing to resolve the Parties' then-pending legal dispute before the Medellin Chamber of Commerce, Center for Conciliation as against Defendant (the "Medellin Matter") in an amount lower than the Investment, once the act (the "Act") became effective, Defendant advised Plaintiff and his attorneys that he would not fulfill his material promise to execute the Settlement Agreement.

35.   Despite Defendant flouting his material promise to execute the Settlement Agreement contemporaneously with Plaintiff, the Settlement Agreement became binding on Plaintiff and Defendant anyway as a result of, *inter alia*, (a) Plaintiff executing the Settlement Agreement before a New York notary public while physically situated at the office of his former attorneys, BBG located at 60 East 42nd Street, 16th Floor, New York, New York 10165; (b) Defendant's material promise to execute the Settlement Agreement contemporaneously with Plaintiff; (c) Defendant's unequivocal course of conduct made exclusively referable to the material terms and conditions set forth in the Settlement Agreement; and (d) Defendant accepting the benefit of paying a lower settlement amount under the Settlement Agreement than the true amount of Plaintiff's Investment

**COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

36.   Plaintiff repeats and realleges every allegation contained hereinabove with the same force and effect as if fully set forth herein.

37.   There presently exists between Plaintiff and Defendant an actual and justiciable controversy with respect to whether the Settlement Agreement became binding on the Parties based upon (a) Defendant repeatedly promised to execute the Settlement Agreement contemporaneously with Plaintiff in exchange for Plaintiff Sabari agreeing to resolve the Parties' then-pending Medellin Matter; (b) Plaintiff executing the Settlement Agreement before a New York notary public while physically situated at the office of his former attorneys, BBG located at 60 East 42nd Street, 16th Floor, New York, New York 10165; (c) Defendant's unequivocal course of conduct made exclusively referable to the material terms and conditions set forth in the Settlement Agreement at all relevant times; and (d) Defendant accepting the benefit of paying a lower settlement amount under the Settlement Agreement that the true amount of Plaintiff's Investment.

38.   Plaintiff has no adequate remedy at law.

39.   Although Plaintiff has demanded that Defendant acknowledge all of his obligations under the Settlement Agreement, Defendant has refused to do so.

40.   Therefore, Plaintiff is entitled to an order declaring that Plaintiff and Defendant were conclusively bound to the terms and conditions set forth in the Settlement Agreement at all relevant times.

**COUNT II– BREACH OF CONTRACT (SETTLEMENT AGREEMENT)**

41.   Plaintiff repeats and realleges every allegation contained hereinabove with the same force and effect as if fully set forth herein.

42.  The Settlement Agreement exists and became binding on Plaintiff and Defendant as a result of, *inter alia*, (a) Plaintiff executing the Settlement Agreement before a New York notary public while physically situated at the office of his former attorneys, BBG located at 60 East 42nd Street, 16th Floor, New York, New York 10165; (b) Defendant's material promise to execute the Settlement Agreement contemporaneously with Plaintiff; (c) Defendant's unequivocal course of conduct made exclusively referable to the material terms and conditions set forth in the Settlement Agreement; and (d) Defendant accepting the benefit of paying a lower settlement amount under the Settlement Agreement that the true amount of Plaintiff's Investment.

43.  By reason of Defendant timely paying some but not all of the Monthly Settlement Payments to Plaintiff by wire to the non-interest bearing account (IOLA) maintained by his former counsel BBG in accordance with Paragraph 3 and Exhibit C annexed to and incorporated by reference into the Settlement Agreement, Defendant has demonstrated his unequivocal course of conduct at all relevant times made exclusively referable to the material terms and conditions set forth in the Settlement Agreement.

44.  Plaintiff adequately performed under the Settlement Agreement by resolving the Medellin Matter through the Act and forbearing from commencing a lawsuit against Defendant at the SDNY seeking damages stemming from, *inter alia*, Plaintiff's Fraud Claim and Unjust Enrichment Claim.

45.  In breach, violation, and default of the Settlement Agreement, Defendant failed to promptly and timely satisfy each Monthly Settlement Payment pursuant to the Payment Schedule that became due and payable to Plaintiff as of (a) September 15, 2023; (b) January 15, 2024; (c) February 15, 2024; and (d) April 15, 2024.

46.   In breach, violation, and default of the Settlement Agreement, Defendant failed to furnish Plaintiff with each Notice of Payment corresponding with the Monthly Settlement Payment pursuant to the Payment Schedule that became due and owing to Plaintiff as of (a) September 15, 2023; (b) October 15, 2023, (c) November 15, 2023; (d) December 15, 2023; (e) January 15, 2023; (f) February 15, 2023; (g) March 15, 2023; (h) April 15, 2023; (i) May 15, 2023; and (j) June 15, 2023.

47.   In breach, violation, and default of the Settlement Agreement, Defendant failed to furnish Plaintiff with each Proof of Payment corresponding with the Monthly Settlement Payment pursuant to the Payment Schedule that became due and owing to Plaintiff as of (a) September 15, 2023; (b) October 15, 2023, (c) November 15, 2023; (d) December 15, 2023; (e) January 15, 2023; (f) February 15, 2023; (g) March 15, 2023; (h) April 15, 2023; (i) May 15, 2023; and (j) June 15, 2023.

48.   Due to Defendant failing to timely remit any Monthly Settlement Payment installment pursuant to the Payment Schedule with its corresponding Notice of Payment and Proof of Payment to Plaintiff, the Settlement Agreement entitles Plaintiff to seek damages from Defendant stemming from the Fraud Claim and Unjust Enrichment Claim.

49.   Due to Defendant failing to timely remit any Monthly Settlement Payment installment pursuant to the Payment Schedule with its corresponding Notice of Payment and Proof of Payment to Plaintiff, the Settlement Agreement entitles Plaintiff to recover the Late Fees from Defendant in the amount of $500.00 per day accruing from the date of any such violation or breach until the date of final satisfaction, along with Plaintiff's reasonable Legal Fees.

50.   Due to Defendant failing to timely remit any Monthly Settlement Payment installment pursuant to the Payment Schedule with its corresponding Notice of Payment and Proof

of Payment to Plaintiff, the Settlement Agreement entitles Plaintiff to recover the "Accelerated Settlement Amount" from Defendant.

51. Due to Defendant failing to timely remit any Monthly Settlement Payment installment pursuant to the Payment Schedule with its corresponding Notice of Payment and Proof of Payment to Plaintiff, the Settlement Agreement entitles Plaintiff to recover the Interest Fees from Defendant.

52. Due to Defendant failing to timely remit any Monthly Settlement Payment installment pursuant to the Payment Schedule with its corresponding Notice of Payment and Proof of Payment to Plaintiff, the Settlement Agreement entitles Plaintiff to recover the Legal Fees from Defendant.

53. Plaintiff has sustained and continues to incur actual, consequential, incidental, and special cognizable damages as a direct and sole result of Defendant substantially and materially breaching, violating, and defaulting under the Settlement Agreement, including, without limitation, forbearing from bringing the Fraud Claim and Unjust Enrichment Claim against Defendant.

54. Therefore, Plaintiff requests a monetary judgment in his favor and against Defendant, in an amount to be determined at trial but believed to be no less than $250,000.00, plus interest thereon accruing through the date of final judgment and Plaintiff's reasonable Legal Fees.

## COUNT III – FRAUD

55. Plaintiff repeats and realleges every allegation contained hereinabove with the same force and effect as if fully set forth herein.

56.   Defendant fraudulently induced Plaintiff into entering into the PSA and remitting the Investment by making knowingly false misrepresentations and omissions of material fact as Defendant never had a sufficient or valid ownership interest to the Property.

57.   Defendant also provided Plaintiff with falsified documents and misleading financial information at the time the Parties negotiated and ultimately executed the PSA.

58.   Defendant fraudulently induced Plaintiff into entering into the PSA by intending to deceive him into remitting the Investment because Defendant knew that he could not convey a fifty percent (50%) ownership interest in the Property to Plaintiff without having or maintaining a sufficient ownership interest when the Parties executed the PSA.

59.   Defendant fraudulently induced Plaintiff into entering into the PSA and remitting the Investment because Plaintiff reasonably believed and justifiably relied upon Defendant's materially false statements and omissions concerning the Property and PSA.

60.   Plaintiff was induced by Defendant's materially false statements and omissions into engaging in a course of conduct to his detriment.

61.   Plaintiff has sustained and continues to incur actual, consequential, incidental, and special cognizable damages as a direct and sole result of Defendant's knowingly false statements and omissions of material fact aimed at Plaintiff.

62.   Therefore, Plaintiff requests a monetary judgment in his favor and against Defendant, in an amount to be determined at trial but believed to be no less than $300,000.00, plus interest thereon accruing through the date of final judgment and Plaintiff's reasonable Legal Fees.

## COUNT IV – UNJUST ENRICHMENT

63.   Plaintiff repeats and realleges every allegation contained hereinabove with the same force and effect as if fully set forth herein.

16

64. Defendant unjustly enriched himself with Plaintiff's Investment funds by receiving and accepting Plaintiff's consideration to his benefit and Plaintiff's detriment.

65. Defendant knowingly mismanaged and misappropriated Plaintiff's Investment consideration, which in good equity and conscience requires Defendant to recompense Plaintiff.

66. Plaintiff has sustained and continues to incur actual, consequential, incidental, and special cognizable damages as a direct and sole result of Defendant unjustly enriching himself with Plaintiff's Investment to support his lavish lifestyle.

67. Therefore, Plaintiff requests a monetary judgment in his favor and against Defendant, in an amount to be determined at trial but believed to be no less than the reasonable value of Plaintiff's Investment ($80,000.00), plus interest thereon accruing through the date of final judgment and Plaintiff's reasonable Legal Fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff hereby demands judgment in his favor and against Defendant as follows:

I. Declaring that Plaintiff and Defendant are bound to the terms and conditions set forth in the enforceable Settlement Agreement;

II. Awarding Plaintiff a monetary judgment against Defendant based upon his Breach of Contract Claim (Settlement Agreement) in an amount no less than $250,000.00, plus interest thereon accruing through the date of final judgment and Plaintiff's reasonable Legal Fees;

III. Awarding Plaintiff a monetary judgment against Defendant based upon his Fraud Claim in an amount no less than $300,000.00, plus interest thereon accruing through the date of final judgment and Plaintiff's reasonable Legal Fees;

IV. Awarding Plaintiff a monetary judgment against Defendant based upon his Unjust Enrichment Claim in an amount no less than the reasonable value of Plaintiff's Investment ($80,000.00), plus interest thereon accruing through the date of final judgment and Plaintiff's reasonable Legal Fees; and

V. Granting Plaintiff such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable of right.

Dated: New York, New York
July 12, 2024

Respectfully submitted,

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.

By: _*Parker S. Rothman*_
Parker S. Rothman, Esq.
*Attorneys for Plaintiff*
*Durand Henry Saberi*
New York, New York 10013
Tel:    (212) 431-1300 ext. 653
Fax:    (212) 965-2657
E-mail: prothman@borahgoldstein.com

18